STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
JUAN GAMBOA (Bar No. 327352)
    JGamboa@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF SACRAMENTO

| | |
|---|---|
| Plaintiffs LUIS BARAJAS, MARIA VARGAS, and ELBA VIZCAINO on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE DIAMOND GROWERS INC, DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR individually; and DOES 1 through 40, inclusive,<br><br>Defendants. | Case No._____<br><br>CLASS ACTION COMPLAINT:<br><br>1. Violation of the Fair Labor Standards Act: Failure to Pay Overtime Wages<br>2. Failure to Pay Minimum Wages<br>3. Failure to Pay Overtime Wages<br>4. Failure to Provide Rest Periods or Pay Additional Wages in Lieu Thereof<br>5. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof<br>6. Failure to Pay All Wages Earned at Termination or Resignation<br>7. Violation of Unfair Competition Law<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT - DEMAND FOR JURY TRIAL

1     1.     Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO ("Plaintiffs") brings this action against BLUE DIAMOND GROWERS INC., DENISE HORN, PATRICIA AGUILAR, and RESHAM KLAIR individually, and DOES 1 through 40, inclusive (collectively hereafter "Defendants"), individually and on behalf of all Class Members employed under common circumstances and facts. The allegations made in this Complaint are based on the knowledge of Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.   <u>NATURE OF THE ACTION</u>

2.     This is a wage and hour class action to vindicate the rights afforded employees by federal and California labor law. This action is brought by Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO for themselves and on behalf of a Class of similarly situated individuals against Defendants for systemic violations of federal and California labor law.

3.     This action revolves around the systemic failure by Defendants to pay California non-exempt employees, including Plaintiffs and the Class, in conformance with federal and California law. Defendant BLUE DIAMOND GROWERS INC. and DOES 1 through 40 employed Plaintiffs and the Class directly and/or are liable under California Labor Code § 558.1 and are referred collectively herein as "EMPLOYER DEFENDANTS." Plaintiffs allege that Defendants BLUE DIAMOND GROWERS INC., DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR and Does 1 through 40 are "persons" who violated or caused to be violated California Labor Code §§ 558, and 1197.1 and the Industrial Welfare Commission (IWC) Wage Orders.

4.     The core violations Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO allege against the EMPLOYER DEFENDANTS BLUE DIMAOND GROWERS INC. are: (1) violation of the Fair Labor Standards Act (FLSA): failure to pay all overtime wages owed; (2) failure to pay all minimum wages owed; (3) failure to pay all overtime wages owed; (4) failure to provide rest periods or pay additional wages; (5) failure to provide meal periods or pay additional wages; (6) failure to pay all wages earned at termination or resignation; and (7) violation of Unfair Competition Law.

5.     The core violations Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA

VIZCAINO alleges against Defendants DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR are, including but not limited to, causing the: (2) failure to pay all minimum wages owed; (3) failure to pay all overtime wages owed; (3) failure to provide rest periods or pay additional wages; (4) failure to provide rest periods or pay additional wages; (5) failure to pay all wages earned at termination or resignation; and (6) failure to pay all wages earned at termination or resignation.

6.     EMPLOYER DEFENDANT BLUE DIAMOND GROWERS INC. and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR have refused to pay the wages due and owed to Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO and similarly situated employees under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiffs and other similarly situated employees to prompt payment of wages and penalties.

7.     Plaintiffs, for themselves and the Class, also seek injunctive relief requiring each Defendant to comply with all applicable California labor laws and regulations in the future and preventing the EMPLOYER DEFENDANTS from engaging in and continuing to engage in unlawful and unfair business practices.  Plaintiffs also seek declaratory relief enumerating each EMPLOYER DEFENDANTS' violations so that the EMPLOYER DEFENDANTS and the general public will have clarity and guidance with regards to EMPLOYER DEFENDANTS' future employment practices.

## II.     **JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 covering claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

9.     This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

10.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the EMPLOYER DEFENDANTS and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

12.     This case is properly assigned to the Sacramento Division of this Court because the action arose in Stanislaus, California. Local Rule 120(d).

## III.   PARTIES

### *Plaintiffs*

13.     Plaintiff LUIS BARAJAS is a resident of Stanislaus County, California.  At relevant times herein, he has been employed by Defendant BLUE DIAMOND GROWERS INC. as an employee at facilities owned, leased, and/or operated by Defendant BLUE DIAMOND GROWERS INC. in and around Stanislaus, California, and has been employed by Defendants BLUE DIAMOND GROWERS INC. as a non-exempt employee. During the relevant time period, Plaintiff LUIS BARAJAS worked for Defendants BLUE DIAMOND GROWERS INC. within the County of Stanislaus as a non-exempt employee.  He performed work for BLUE DIAMOND GROWERS at various times during the relevant time period through the present and, among other things, was not paid appropriately over the period of his employment. Plaintiff LUIS BARAJAS is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and loss of money and property.

14.     Plaintiff MARIA VARGAS is a resident of Stanislaus County, California.   At relevant times herein, she has been employed by Defendant BLUE DIAMOND GROWERS INC. as an employee at facilities owned, leased, and/or operated by Defendant BLUE DIAMOND GROWERS INC. in and around Stanislaus, California, and has been employed by Defendants BLUE DIAMOND GROWERS INC. as a non-exempt employee. During the relevant time period, Plaintiff MARIA VARGAS worked for Defendants BLUE DIAMOND GROWERS within the County of Stanislaus as a non-exempt employee.   She performed work for BLUE DIAMOND

4

GROWERS at various times during the relevant time period through the present and, among other things, was not paid appropriately over the period of her employment. Plaintiff MARIA VARGAS is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and loss of money and property.

15.    Plaintiff ELBA VIZACAINO is a resident of Stanislaus County, California.   At relevant times herein, she has been employed by Defendant BLUE DIAMOND GROWERS INC. as an employee at facilities owned, leased, and/or operated by Defendant BLUE DIAMOND GROWERS INC. in and around Stanislaus, California, and has been employed by Defendants BLUE DIAMOND GROWERS as a non-exempt employee. During the relevant time period, Plaintiff ELBA VIZCAINO worked for Defendants BLUE DIAMOND GROWERS within the County of Stanislaus as a non-exempt employee.  She performed work for BLUE DIAMOND GROWERS at various times during the relevant time period through the present and, among other things, was not paid appropriately over the period of her employment. Plaintiff ELBA VIZCAINO is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and loss of money and property.

### *Defendants*

16.    The following allegations as to the Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

17.    At all relevant times, BLUE DIAMOND GROWERS is a California corporation, which conducted and conducts business by operating an almond processing plant in California. BLUE DIAMOND GROWERS operates almond processing plants in Salida, Sacramento and Turlock and maintains a business address of 1802 C Street, Sacramento CA, 95811.  At all relevant times, BLUE DIAMOND GROWERS owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Wage Order 8, 8 Cal. Code of Regs. § 11050

and operated as a direct employer of Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO and other similarly situated employees.  Hereinafter, "EMPLOYER DEFENDANT" shall refer to Defendant BLUE DIAMOND GROWERS. During all relevant times alleged herein, BLUE DIAMOND GROWERS employed Plaintiffs LUIS BARAJAS, MARIA VARGAS and ELBA VIZCAINO and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.  Plaintiffs also allege that BLUE DIAMOND GROWERS is a "person" who violated or caused to be violated California Labor Code §§ 558, 1197.1, and IWC Wage Order 8.

18.    At all relevant times, DENISE HORN, an individual, conducted and conducts business in Stanislaus County and maintains a business address of 4800 Sisk Road, Salida, California 95356. At all relevant times, DENISE HORN conducted business in California. Plaintiffs allege that DENISE HORN, is a "person" who violated or caused to be violated California Labor Code §§ 558, 1197.1 and IWC Wage Order 8.

19.    At all relevant times, PATRICIA AGUILAR, an individual, conducted and conducts business in Stanislaus County and maintains a business address of 4800 Sisk Road, Salida, California 95356. At all relevant times, PATRICIA AGUILAR conducted business in California. Plaintiffs allege that PATRICIA AGUILAR, is a "person" who violated or caused to be violated California Labor Code §§558, 1197.1, and IWC Wage Order 8.

20.    At all relevant times, RESHAM KLAIR, an individual, conducted and conducts business in Stanislaus County and maintains a business address of 4800 Sisk Road, Salida, California 95356. At all relevant times, RESHAM KLAIR conducted business in California. Plaintiffs allege that RESHAM KLAIR, is a "person" who violated or caused to be violated California Labor Code §§558, 1197.1, and IWC Wage Order 8

21.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 40, inclusive, are currently unknown to Plaintiffs, who therefore sues DOES 1 through 40 by such fictitious names under Federal Rule of Civil Procedure 15(c) and California Code of Civil Procedure § 474.  Plaintiffs are informed and

6

believe, and based thereon allege, that each Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

22.     Plaintiffs and the Class bring this action pursuant to the Fair Labor Standards Act, California Labor Code and IWC wage orders, seeking unpaid minimum wages, regular wages, premium overtime wages, rest and meal period wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

23.     Plaintiffs and the Class, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*, also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by Plaintiff and the class but retained by the EMPLOYER DEFENDANT as a result of their failure to comply with the above laws.

24.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.  "Defendant" herein means each of the Defendants as well as all of them.

## IV.   FACTUAL BACKGROUND

25.     This is a class action pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 23 to vindicate rights afforded to Plaintiffs and the Class by the Fair Labor Standards Act (29 U.S.C. §§201, *et seq.*), the California Labor Code, and California Business and Professions Code §§ 17200 *et seq*. The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the packing and hulling industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices.   The Defendants alleged herein pack and hull almonds.  The unlawful practices and policies alleged are widespread and entrenched in the industry.  The practices of the industry are uniform, or nearly

uniform among many packing and hulling facilities, at least in part due to organizations that spread improper employment practices.   The following paragraphs detail specific violations of law comprising the wage-related claims applicable to Plaintiff and other similarly situated employees.

26.    For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' compensation policies and their record-keeping procedures.

27.    EMPLOYER DEFENDANTS failed to compensate Plaintiffs and the Class for all "hours worked" and failed to pay minimum wage and overtime premium wages for work performed in violation of federal and California wage and hour laws. This includes, but is not limited to, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, and hours that were not compensated at double the regular wage.

28.    Plaintiffs, on behalf of themselves and the Class they seek to represent bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, 1199, and 2802 and Business & Professions Code §§ 17200 *et seq.* and seeks unpaid and underpaid overtime and double time wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.

29.    Plaintiffs allege that Defendant BLUE DIAMOND GROWERS is the employer with respect to Plaintiffs or other similarly situated employees. Plaintiff LUIS BARAJAS was employed with Defendant BLUE DIAMOND GROWERS from March 2005 until August 15, 2018. Plaintiff MARIA VARGAS was employed with Defendant BLUE DIAMOND GROWERS from January 1, 2008 to March 25, 2018. Plaintiff ELBA VIZCAINO was employed with Defendant BLUE DIAMOND GROWERS from August 1997 to March 12, 2018.

COMPLAINT - DEMAND FOR JURY TRIAL

30.     On information and belief, Defendant BLUE DIAMOND GROWERS was on notice of the improprieties alleged herein by its employees, Plaintiffs and other similarly situated employees they seek to represent, and intentionally refused to rectify their unlawful policies.

31.     The EMPLOYER DEFENDANT failure to compensate non-exempt employees for all "hours worked," failure to pay for all hours worked at the required overtime or double time premium rate, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

32.     The EMPLOYER DEFENDANT failed to provide timely and uninterrupted meal periods or pay premium wages in lieu thereof. The EMPLOYER DEFENDANT also failed to provide timely and uninterrupted rest breaks or pay premium wages in lieu thereof.

33.     The EMPLOYER DEFENDANT has made it difficult to account with precision for the unlawfully withheld wages due the EMPLOYER DEFENDANT's non-exempt employees, including Plaintiffs, during all relevant times herein, because they have not implemented a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs brings this action on behalf of themselves and all others similarly situated as a class action on behalf of a Rule 23 opt-out California class and as an opt-in FLSA Collective Action pursuant to 29 U.S.C. §216 (b). Plaintiff seeks to represent the following Class and Collective composed of, and defined, as follows:

**California Class**: All persons who are employed or have been employed by BLUE DIAMOND GROWERS in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly employees and were not paid all lawful wages or not paid statutory penalties; and

**FLSA Collective**: All persons who are employed or have been employed by BLUE DIAMOND GROWERS in the State of California who, within three (3) years of the filing of the Complaint in this case, have worked as non-exempt hourly employees and were not paid all lawful wages.

1

2      35.    Plaintiffs may amend the above class definitions as permitted or required by this

3   Court.  This action has been brought and may properly be maintained as a class action under the

4   provisions of Rule 23 of the Federal Rules of Civil Procedure and FLSA because there is a well-

5   defined community of interest in the litigation and the proposed Class is easily ascertainable by

6   means of Defendants' records.

7                              **A.  Numerosity**

8      36.    The potential members of the above Class as defined are so numerous that joinder of

9   all the members of the Class is impracticable.  While the precise number of members of the Class

10  has not been determined at this time, Plaintiff is informed and believes that the Class consists of

11  several hundred to several thousand employees, the vast majority of them in the State of California,

12  in positions as non-exempt employees dispersed throughout this Judicial District, and who are or

13  have been affected by the unlawful practices as alleged herein.

14     37.    Accounting for employee turnover during the relevant periods necessarily increases

15  this number substantially.  On information and belief, Plaintiffs allege the Defendant's employment

16  records will provide information as to the number and location of the members of the Class.  Joinder

17  of all members of the proposed Class is not practicable.

18                             **B.  Commonality**

19     38.    There are questions of law and fact common to the Class predominating over any

20  questions affecting only individual Class Members.   These common questions of law and fact

21  include, without limitation:

22            (a)    Whether Defendants failed and continue to fail to pay overtime compensation

23  in violation of the FLSA, 29 U.S.C. § 201, et seq.;

24            (b)    Whether Defendants violated the California Labor Code and applicable wage

25  orders by not compensating non-exempt employees for "all hours worked";

26            (c)    Whether Defendants violated the California Labor Code and applicable wage

27  orders by compensating non-exempt employees at rates below the required overtime rate;

28            (d)    Whether Defendants violated the California Labor Code and applicable wage

orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

(e)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to provide a timely, complete, and uninterrupted meal period to non-exempt employees on days they worked in excess of five (5) hours per day without timely being provided a meal period before the fifth (5th) hour of work, and failing to compensate said employees one hour's wages in lieu of timely, complete, and uninterrupted meal periods;

(f)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiff and the Class she seeks to represent;

(g)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

(h)     Whether Defendants violated California Business and Professions Code §§ 17200 *et seq.* by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum wage and converting same to Defendants' own use; failing to provide rest and timely meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest periods and late meal periods due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records, causing injury to employees;

(i)     Whether Defendants violated Business and Professions Code §§ 17200 *et seq.* by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

(j)     Whether Plaintiffs and the Class Members are entitled to declaratory,

injunctive and other equitable relief pursuant to Business and Professions Code §§ 17200 *et seq*.;

(k)     Whether Plaintiffs and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and other equitable relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable wage orders, and Business and Professions Code §§ 17200, *et seq*.

### C.  <u>Typicality</u>

34.     The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D.  <u>Adequacy of Representation</u>

35.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

### E.  <u>Superiority of Class Action</u>

36.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

37.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

38.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.   Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME WAGES

(FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §§ 201 *et seq.*)
(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANT)

39.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

40.     On information and belief and at all relevant times, the EMPLOYER DEFENDANT has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, the EMPLOYER DEFENDANT employed, and continues to employ workers, including Plaintiffs and other similarly situated employees.

41.     The FLSA requires each covered employer, including the EMPLOYER DEFENDANT, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

42.     The DEFENDANT EMPLOYER routinely requires and/or suffered or permitted Plaintiffs and similarly situated employees to work more than 40 hours per week, and routinely without paying them all overtime premium wages for hours worked in excess of 40 hours per week.

43.     At all relevant times, EMPLOYER DEFENDANTS, pursuant to its policies and practices, failed and refused to pay all overtime premiums to Plaintiffs and similarly situated employees for their hours worked in excess of forty hours per week.

44.     By failing to compensate Plaintiffs and similarly situated employees at a rate not less

than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the EMPLOYER DEFENDANT have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a)(1).

45. As a direct and proximate result of the DEFENDANT EMPLOYER's failure to pay proper wages under the FLSA, Plaintiffs and similarly situated employees incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

46. The DEFENDANT EMPLOYER's intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and similarly situated employees their proper wages. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Thus, the DEFENDANT EMPLOYER is liable to Plaintiffs and similarly situated employees for liquated damages in an amount equal to their lost wages over a three-year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

47. Plaintiffs will concurrently file their signed Consent to Sue forms with this complaint pursuant to § 16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs asserting FLSA claims in the future.

48. Plaintiffs obtained legal assistance in order to bring this action on behalf of themselves and other similarly situated employees, and, as such is entitled to seek recovery of attorneys' fees and costs of action to be paid by the EMPLOYER DEFENDANT, as provided by the FLSA, 29 U.S.C. § 216(b).

49. Plaintiffs seek damages in the amount of unpaid overtime premium wages and liquidated damages as provided by 29 U.S.C. § 216 (b), interest, and such other legal and equitable relief as the Court deems just and proper.

50. WHEREFORE, Plaintiffs request relief as described herein on behalf of themselves and similarly situated employees.

### SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGE

14

(CAL. LAB. CODE §§ 1197, 1194(a), & 1194.2)

(PLAINTIFFS AGAINST EMPLOYER DEFENDANT, DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR)

51.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

52.     California Labor Code § 1197 states, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

53.     The EMPLOYER DEFENDANT failed to pay Plaintiffs and the Class the minimum wage for all hours worked. In particular, Plaintiffs and the Class were routinely required to work prior to their scheduled shifts, during their meal periods when they were authorized and permitted and after their scheduled shifts, without compensation. For example, Plaintiffs and Class Members were instructed by the EMPLOYER DEFENDANT and their agents, including Defendants DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR, to prepare for their shifts by putting on their work/protective equipment prior to clocking in. This required Plaintiffs and the Class to arrive at their place of work prior to their scheduled shift to don work/protective equipment and prior to clocking in. Plaintiffs and the Class were also required to wear radios in the "on" position during their meal periods and were required to respond to their radios for work related matters without compensation.  Finally, Plaintiffs and Class members were required to doff their work/protective equipment after clocking out at the end of their shift. This violation of California minimum wage law was substantial and occurred on a daily basis due to the EMPLOYER DEFENDANT's employment practices.

54.     California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for minimum wage violations. See Cal. Labor Code § 558.1. EMPLOYER DEFENDANT and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR failed to pay Plaintiffs and the Class the minimum wage and all Defendants are liable for causing this violation under Labor Code § 558.1.

15

55.    The EMPLOYER DEFENDANT has the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class for all hours worked in violation of California Labor Code § 1197.

56.    The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

57.    As such, Plaintiffs may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

58.    As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission. California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

59.    As described herein, this is an action under California Labor Code § 1194 to recover wages on account of the Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 8. Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

60.    WHEREFORE, Plaintiffs and the Class requests relief as described herein and below on behalf of themselves and the State of California.

**THIRD CLAIM FOR RELIEF**

COMPLAINT - DEMAND FOR JURY TRIAL

**FAILURE TO PAY OVERTIME WAGES**
(CAL. LABOR CODE §§ 510, 1194, 1194.2, IWC WAGE ORDER 5)

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANT, DENISE HORN, PATRICIA AGUILAR AND RESHAM KLAIR)

61.    Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

62.    California Labor Code § 510 states:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

63.    The identical provision is found in the applicable IWC Wage Order 8, which is authorized under California Labor Code § 1185.

64.    IWC Wage Orders 8 establishes for packing and hulling workers an eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one workday or forty (40) hours in one work week is to be compensated at one and one-half (1½) times the employees' regular rate of pay. Similarly, IWC Wage Order 8 establishes that time worked in excess of twelve (12) hours is to be compensated at double the employees' regular rate of pay.

65.    California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

66.    As described herein, the EMPLOYER DEFENDANT violated California Labor Code § 510 and IWC Wage Order 8 by failing to pay overtime to employees who were required to work more than 8 hours in one workday or 40 hours in one work week.

67.    California Labor Code § 558.1 states that any employer or person acting on behalf

17
COMPLAINT - DEMAND FOR JURY TRIAL

of an employer who causes a violation is liable, among other things, for overtime wage violations. See Cal. Labor Code § 558.1. EMPLOYER DEFENDANT and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR failed to pay Plaintiffs and the Class all overtime wages and all Defendants are liable for causing this violation under Labor Code § 558.1

68.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 8.  The EMPLOYER DEFENDANT is liable as the employer and the other Defendants are liable for causing the violations as a result of their failure to pay overtime wages as alleged herein.  Therefore, Plaintiffs and the Class are entitled to recover overtime wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

69.     WHEREFORE, Plaintiffs and the Class request relief as described herein and below.

## FOURTH CLAIM FOR RELIEF

**FAILURE TO PROVIDE REST PERIODS OR PREMIUM WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7, 558, AND IWC WAGE ORDER 8)

(ALL PLAINTIFFs AGAINST EMPLOYER DEFENDANTS, DENISE HORN,
PATRICIA AGUILAR and RESHAM KLAIR)

70.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

71.     Plaintiffs allege that the EMPLOYER DEFENDANTS did not provide all statutory ten-minute rest periods while in the employ of the EMPLOYER DEFENDANT.

72.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

73.     IWC Wage Order 8 states in regard to rest breaks:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

74.    Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours (and so on). For shifts lasting around 8 hours, the first rest break must occur before the meal break and the second rest break, unless other factors render such schedule impracticable.

75.    The EMPLOYER DEFENDANT violated Wage Order 8 and California Labor Code §226.7 by failing to authorize and permit the appropriate number of rest breaks, and failing to pay additional rest break wages. The EMPLOYER DEFENDANT required Plaintiffs and the Class to work through their rest periods and failed to pay premium wages.

76.    Plaintiffs and the Class did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiffs or any Class Member was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion. The EMPLOYER DEFENDANT did not permit or authorize Plaintiffs and the Class to take rest periods.

77.    Specifically, the EMPLOYER DEFENDANT required that Plaintiffs and the Class wear radios in the "on" position at all times, including during rest periods. Plaintiffs and the Class were not relieved of all duties during their rest periods and were required to respond to calls on the radio during their rest periods. Plaintiffs and the Class were never compensated with premium wages for these interruptions. In other instances, Plaintiffs and the Class simply were not afforded the opportunity to take rest periods and were not compensated with premium wages for these missed and/or on duty rest periods.

78.    California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for rest period violations. See

19

Cal. Labor Code § 558.1. EMPLOYER DEFENDANT and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR failed to provide Plaintiffs and the Class all rest periods and all Defendants are liable for causing this violation under Labor Code § 558.1

79.     As a result of unlawful acts, Plaintiffs and the Class have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, and costs, under Labor Code §§ 203, 226, 226.7 and 1194. Defendants are liable for failure to comply with §§ 226.7, 558, 1194 and IWC Wage Order 5 as alleged herein.

80.     WHEREFORE, Plaintiffs and the Class request relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS OR PREMIUM WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7, 512, 558, AND IWC WAGE ORDER 8)

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS, DENISE HORN,
PATRICIA AGUILAR and RESHAM KLAIR)

81.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

82.     On information and belief, Plaintiffs and the Class were not afforded meal periods as required by California law, since they were routinely required to work during their meal periods or were interrupted, and they were not compensated for these interrupted meal periods.  Plaintiffs and the Class also received untimely meal periods.

83.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

84.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 8.  Wage Order 8 states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

85.    A similar provision is contained at California Labor Code § 512 and provides:

(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

86.    The EMPLOYER DEFENDANT violated California law by failing to provide timely, uninterrupted meal periods mandated by Labor Code § 226.7 and Wage Order 8. As such, the EMPLOYER DEFENDANT is liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

87.    Plaintiffs and the Class did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiffs or any Class member were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

88.     California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for meal period violations. See Cal. Labor Code § 558.1. EMPLOYER DEFENDANT and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR failed to provide Plaintiffs and the Class all meal periods and all Defendants are liable for causing this violation under Labor Code § 558.1

89.     As a result of the unlawful acts of the Defendants, Plaintiffs and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 8.

90.     WHEREFORE, Plaintiffs and the Class requests relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL EARNED WAGES AT TERMINATION OR RESIGNATION

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS, DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR)

91.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

92.     California Labor Code §§ 201 and 202 require that the EMPLOYER DEFENDANT pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.

93.     Plaintiff LUIS BARAJAS was discharged from the EMPLOYER DEFENDANT's employ on or about August 15, 2018. Plaintiff MARIA VARGAS was discharged from the EMPLOYER DEFENDANT's employ on or about March 25, 2018. Plaintiff ELBA VIZCAINO was discharged from the EMPLOYER DEFENDANT's employ on or about March 12, 2018. Plaintiffs were not paid all earned wages at the time of end of the employment relationship with

22

EMPLOYER DEFENDANT. On information and belief, Class Members were not paid all wages earned at the time of termination or resignation. Plaintiffs allege that Defendants' custom, practice, and/or policy was not to pay for previously earned minimum, overtime, and reporting time wages, or unrecorded time spent under Defendant's control, at the time that final wages were paid.

94.     More than 30 days have passed since Plaintiffs and Class members ended their employment with the EMPLOYER DEFENDANT. The EMPLOYER DEFENDANT has not paid Plaintiffs and Class members all wages owed. As a consequence of the EMPLOYER DEFENDANT's willful conduct in not paying Plaintiffs and Class members all earned wages at the time their employment with EMPLOYER DEFENDANTS ended, Plaintiff and Class members are entitled to 30 days' wages as a penalty under Labor Code § 203.

95.     California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for failure to pay all wages at the time of termination. See Cal. Labor Code § 558.1. The EMPLOYER DEFENDANT and DEFENDANTS DENISE HORN, PATRICIA AGUILAR and RESHAM KLAIR failed to pay all wages at the time of Plaintiffs and the Class' termination and all Defendants are liable for causing this violation under Labor Code § 558.1

96.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF UNFAIR COMPETITION LAW
(CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

(ALL PLAINTIFFS AGAINST EMPLOYER DEFENDANTS)

97.     Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

98.     As described in this complaint, the EMPLOYER DEFENDANT has violated, among other things, the following Federal and California laws:

a.     Violations of the FLSA, 29 U.S.C. §201, et seq. by failing to pay overtime

compensation;

b.  violation of California Labor Code § 1194 (relating to failure to pay minimum wages);

c.  violation of California Labor Code § 510 (relating to the failure to compensate at the rate of no less than one and one-half times the regular rate of pay for all work in excess of eight hours in one workday and any work in excess of 40 hours in any workweek, or else the failure to compensate at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 6 days in any workweek);

d.  violation of California Labor Code § 216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

e.  violation of California Labor Code § 226.7 by requiring Class Members to work during rest periods (or not paying Class Members during breaks taken) mandated by the applicable Wage Order and failing to provide said Class Members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

f.  violation of California Labor Code §§ 512, 226.7 and IWC wage orders by failing to provide timely, uninterrupted, 30-minute meal periods or premiums; and

g.  violation of California Labor Code § 201, 202 and 203 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by the EMPLOYER DEFENDANT.

99.  EMPLOYER DEFENDANT's activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because their practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs, the Class, the public, and other

24

similarly situated employees.

100.   Plaintiffs and the Class are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

101.   As a result of their unlawful acts, the EMPLOYER DEFENDANT has reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and other similarly situated employees. The EMPLOYER DEFENDANT should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiffs are informed and believes, and thereon alleges, that the EMPLOYER DEFENDANT is unjustly enriched by, among other things, requiring their employees to suffer the various labor code violations alleged.  Plaintiffs are informed and believes, and thereon alleges, that Plaintiffs and the Class was prejudiced by EMPLOYER DEFENDANT's unfair trade practices.

102.   As a direct and proximate result of the unfair business practices of the EMPLOYER DEFENDANT, Plaintiffs and on behalf the Class, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and the Class as a result of the business acts and practices described herein and enjoining the EMPLOYER DEFENDANTS to cease and desist from engaging in the practices described herein.

103.   The unlawful conduct alleged herein is continuing, and there is no indication that the EMPLOYER DEFENDANT will not continue such activity into the future.  Plaintiffs allege that if the EMPLOYER DEFENDANT is not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require their non-exempt employees to work without being compensated at the applicable overtime and double time rate of pay.  The EMPLOYER DEFENDANT is liable as the employer based on their unlawful business practices as alleged herein.

104.   WHEREFORE, Plaintiffs and the Class request relief as described herein and below.

## VI.  **PRAYER**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class and collective action with the named PLAINTIFFS appointed as class representatives;

2. For the attorneys appearing on the above caption to be named class counsel;

3. For compensatory damages in an amount according to proof with interest thereon;

4. For a declaratory judgment that each of the DEFENDANTS violated PLAINTIFFS' and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;

5. That DEFENDANTS be ordered to make restitution to the Class due to their unfair competition;

6. That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

7. For premium pay, wages, and penalties;

8. For attorneys' fees, interest and costs of suit;

9. For damages and liquidated damages;

10. For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

11. For such other and further relief as the Court deems just and proper;

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demands trial of her and the Class' claims by jury to the extent authorized by law.

---

26

COMPLAINT - DEMAND FOR JURY TRIAL

Dated:  May 12, 2020                **MALLISON & MARTINEZ**


                                    By:   /s/ Juan Gamboa
                                         Hector R. Martinez
                                         Stan Mallison
                                         Juan Gamboa

COMPLAINT - DEMAND FOR JURY TRIAL