1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Luis Barajas, Maria Vargas, and Elba Vizcaino          No. 1:20-cv-00679-KJM-JDP
     on behalf of a class of similarly situated
12   individuals,                                           ORDER

13                          Plaintiffs,

14          v.

15   Blue Diamond Growers Inc., and Does 1
16   through 40, inclusive,

17                          Defendants.

18

19          Plaintiffs Luis Barajas, Maria Vargas and Elba Vizcaino allege their former employer,

20   defendant Blue Diamond[1] and Does 1 through 40[2] violated California and federal overtime pay

21   and minimum wage laws, state meal and rest break requirements, and other related California

22   statutory protections.  The case was recently reassigned as a result of a change in this District's

---

[1] Defendant states the complaint has wrongly identified it as "Blue Diamond Growers, Inc."  The court need not resolve this potential inconsistency at this time and refers to defendant simply as "Blue Diamond."

[2] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

1

1  local rules.  The previously assigned district judge dismissed two past iterations of plaintiffs'

2  complaint but permitted one final amendment.  Blue Diamond contends the complaint again falls

3  short of those standards and moves to dismiss for failure to state a claim under Rule 12(b)(6).  It

4  asks in the alternative to strike portions of the complaint.

5      This court finds plaintiffs' allegations now make out plausible claims against Blue

6  Diamond for violations of state and federal overtime pay laws, state meal and rest break laws, and

7  other related California requirements.  Their allegations of unpaid minimum wages, by contrast,

8  do not withstand Blue Diamond's motion, as explained further in this order.  The motion to

9  dismiss is therefore **granted in part without leave to amend and denied in part**; the motion to

10 strike is **denied**.

11 **I.      BACKGROUND**

12     The court's previous orders describe the nature of plaintiffs' allegations in detail.  *See*

13 *generally* Prior Order (Apr. 13, 2022), ECF No. 35; Prior Order (Mar. 2, 2023), ECF No. 49.  The

14 court need not repeat any background information here, relying as it does on the operative Fourth

15 Amended Complaint.  Plaintiffs worked for Blue Diamond packing and hulling almonds as non-

16 exempt employees at different times between 1997 and 2018.  *See* Fourth Am. Compl. ¶¶ 21–22,

17 ECF No. 51.  One plaintiff worked during a shift that began in the early afternoon; the others

18 worked during a shift that began early in the morning.  *See id.* ¶¶ 12–14.

19     All three plaintiffs, as with the other Blue Diamond employees who worked with them,

20 were required to put on protective equipment before their shifts officially began.  *See, e.g.*, *id.*

21 ¶ 29.  Every day before they clocked in, they walked down a hallway, put in ear plugs and pulled

22 on hair nets, walked up a flight of stairs to their lockers, walked back down the stairs to where

23 Blue Diamond kept the eight-button protective overcoats it required them to wear, and put on

24 those overcoats.  *See, e.g.*, *id.*  They also were required to wear helmets, safety goggles, and steel-

25 toed boots.  *Id.* ¶ 30.  With this equipment on, plaintiffs then clocked in.  *See id.* ¶ 29.  After

26 clocking out at the end of their shift, they took off the coats and placed them in the laundry.  *Id.*

27     In total these off the clock tasks took four to five minutes every day.  *See id.*  Plaintiffs

28 typically worked six or seven days a week, so they spent approximately half an hour each week

2

conducting these tasks. *See id.* Plaintiffs were not paid for this time. *See id.* According to the complaint, keeping track of this time would pose no serious logistical or administrative challenge to Blue Diamond. *See id.* ¶ 32. Blue Diamond could, for example, move its timeclocks to a place where employees could punch in before they begin their daily donning ritual and punch out after they have removed their protective equipment. *See id.* Based on their allegations, plaintiffs allege Blue Diamond violated the federal Fair Labor Standards Act (FLSA) and the California Labor Code. *See id.* ¶¶ 47–66 (FLSA unpaid overtime pay claim); *id.* ¶¶ 67–81 (Labor Code unpaid minimum wage claim); *id.* ¶¶ 82– 99 (Labor Code unpaid overtime pay claim).

Plaintiffs also allege Blue Diamond does not permit them to take the ten-minute rest breaks required by California Labor Code section 226.7 and the related Industrial Welfare Commission's (IWC) Wage Order. *See id.* ¶¶ 100–13. For this claim, they rely on allegations that they were "frequently interrupted during their rest breaks to handle issues with machinery" or "simply were not afforded the opportunity to take rest breaks." *Id.* ¶ 107. Each of the three plaintiffs describes these interruptions and their frequency. Vizcaino and Vargas both allege Blue Diamond interrupted their breaks about twice every week with demands to complete work tasks or with discussions about them. *Id.* ¶¶ 108, 110. Barajas alleges Blue Diamond interrupted his breaks once or twice every week with "changeovers," a task that required him and others to change out several large metal screens that weighed seventy pounds each. *Id.* ¶ 109.

In another set of similar allegations, plaintiffs allege Blue Diamond did not allow them to take half-hour breaks for meals, also in violation of Labor Code section 226.7 and the Wage Order. *See id.* ¶¶ 114–30. They allege Blue Diamond required them and other employees to wear radios during lunch and keep those radios on "in case of any malfunctions and other work-related issues." *Id.* ¶ 119. They also allege the interruptions described in the previous paragraph interfered with their meal breaks. *See id.* ¶¶ 124–26.

Plaintiffs' two remaining claims are essentially derivative of their previous claims. In their sixth claim, they allege Blue Diamond owed them wages for the unpaid work described when they left the company but did not pay them when they were discharged. *Id.* ¶¶ 131–40 (citing Cal. Labor Code §§ 201–203). And in their seventh claim, they allege Blue Diamond's

1  pay practices are unlawful, unfair, and constitute fraudulent business practices that violate the

2  California Business & Professions Code.  *See id.* ¶¶ 141–47 (citing Cal. Bus. & Prof. Code

3  § 17200 et seq.).

4        Blue Diamond moves to dismiss the Fourth Amended Complaint without leave to amend

5  for failure to state a claim.  *See generally* Mot., ECF No. 52; Mem., ECF No. 52-1.  It argues

6  plaintiffs have not cured the problems that led the previously assigned district judge to dismiss

7  their Third Amended Complaint.  *See, e.g.*, Mem. at 1 ("Despite the benefit of discovery . . . , two

8  detailed orders from this Court setting out what allegations are required to plead a plausible

9  claim, and nearly three years of litigation, Plaintiff's Fourth Amended Complaint . . . still fails to

10 satisfy [Rule 8].").  In the alternative, Blue Diamond moves to strike several allegations from the

11 Fourth Amended Complaint under Rule 12(f).  *See id.* at 13–15.  Briefing is complete.  *See*

12 *generally* Opp'n, ECF No. 53; Reply, ECF No. 55.  The court heard oral arguments on

13 February 16, 2024.  *See* Hr'g Mins., ECF No. 69.  Gonzalo Quezada, Jr., and Hector Martinez

14 appeared for plaintiffs and Raymond Lynch and Emily Leahy appeared for Blue Diamond.  *Id.*

15 **II.  MOTION TO DISMISS**

16     **A.  Legal Standard**

17       A court may grant a motion to dismiss under Rule 12(b)(6) if the complaint lacks a

18 "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

19 *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*

20 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The court assumes all factual

21 allegations are true and construes "them in the light most favorable to the nonmoving party."

22 *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks*

23 *Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's

24 allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.

25 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A complaint need contain only a "short and plain

26 statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not

27 "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule

28 demands more than unadorned accusations; "sufficient factual matter" must make the claim at

4

least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has specified how district courts should apply this standard to claims about uncompensated work such as those at issue in this case. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641–46 (9th Cir. 2014).  It does not require plaintiffs to "approximate the number of hours worked without compensation" or allege how much is owed "with mathematical precision." *Id.* at 646 (citation and quotation marks omitted).  But the Circuit has agreed with three other courts of appeal that when plaintiffs assert claims based on unpaid overtime wages, for example, they must "at a minimum . . . allege that [they] worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 645.

Federal district courts have disagreed about the practical implications of the Ninth Circuit's opinion in *Landers*. *See, e.g.*, *Turner v. LTF Club Mgmt. Co., LLC*, No. 20-0046, 2022 WL 1018498, at *2–3 (E.D. Cal. Apr. 5, 2022) (collecting and summarizing conflicting authority).  This court has declined "to read *Landers* as requiring plaintiffs to identify a specific date or time frame for which they were deprived of overtime pay, minimum wages, a meal break, or a rest break." *Id.* at *5.  As explained in *Turner*, the Ninth Circuit did not describe its decision in *Landers* as creating any more demanding or "heightened" standard for wage and hour claims, the Circuit has not interpreted *Landers* as demanding specific dates in any later decisions, and the persuasive authority the Ninth Circuit relied on in *Landers* did not demand specific dates. *See id.* at *3–6.  To be sure, a plaintiff could ensure its claims would withstand a motion to dismiss by detailing specific weeks or days, but dates are not the only sufficient facts that might show a plaintiff "is entitled to relief." *See id.* at *4–5.

The previously assigned district judge appears to have agreed with a different line of district court decisions, in which courts have read *Landers* as requiring more specifics about when and how frequently an employee was not paid. *See, e.g.*, Prior Order (Mar. 2, 2023) at 15–17.  It

1    is not necessary to decide which is the better reading or whether this court should reconsider the

2    previously assigned district judge's conclusions.  As explained below, the result is the same no

3    matter which interpretation of *Landers* is correct.

4           **B.**        **Overtime Wages (Claims One and Three)**

5          Plaintiffs allege Blue Diamond did not pay them overtime wages.  Based on this

6    allegation, plaintiffs claim Blue Diamond violated the FLSA, *see* Fourth Am. Compl. ¶¶ 47–66

7    (claim one), and the California Labor Code, *id.* ¶¶ 82–99 (claim three).  Blue Diamond's primary

8    argument for dismissal of plaintiffs' overtime claims focuses on plaintiffs' having not made

9    allegations about their hourly pay rates and having estimated the wages they contend they are

10   owed.  *See* Mem. at 5–6.  As the Ninth Circuit held in *Landers*, however, the federal rules do not

11   require plaintiffs to "approximate the number of hours worked without compensation" or allege

12   how much is owed "with mathematical precision."  771 F.3d at 643, 646.  And as the previously

13   assigned district judge reiterated, "[t]he plausibility of a claim is context-specific."  Prior Order

14   (Mar. 2, 2023) at 14 (quoting *Landers*, 771 F.3d at 645).  "A plaintiff may establish a plausible

15   claim by estimating the length of her average workweek during the applicable period and the

16   average rate at which she was paid, the amount of overtime wages she believes she is owed, *or*

17   *any other facts* that will permit the court to find plausibility."  *Id.* (quoting *Landers*, 771 F.3d at

18   645) (emphasis added).

19         Plaintiffs have now offered examples of pay periods during which they worked for more

20   than forty hours.  *See* Fourth Am. Compl. ¶¶ 55–57.  Any additional time they worked during

21   those weeks would, as a result, be required to be compensated at the overtime rate.  Combined

22   with (1) their allegations about putting on protective gear at the beginning and end of every shift

23   and (2) their estimates of how much time these tasks took on average every week, their complaint

24   makes out a plausible claim of unpaid overtime work.  Blue Diamond's motion to dismiss claims

25   one and three on grounds of insufficient factual allegations is denied.

26         Blue Diamond also argues the disputed tasks are not compensable because "the time at

27   issue is *de minimis* as a matter of law."  Mem. at 7.  This argument invokes a doctrine of federal

28   law that "does not apply to wage and hour claims brought under the California Labor Code."

1    *Rodriguez v. Nike Retail Servs., Inc.*, 928 F.3d 810, 816 (9th Cir. 2019); *see also, e.g.*, *Troester v.*

2    *Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018) (holding "the relevant California statutes and wage

3    order have not incorporated the de minimis doctrine found in the FLSA. . . although California

4    has a de minimis rule that is a background principle of state law, the rule is not applicable to the

5    regularly reoccurring activities" in that case, as here).  This argument by Blue Diamond thus

6    applies only to plaintiff's first claim based on the FLSA, and the discussion below applies only to

7    this claim.

8         "As a general rule, employees cannot recover for otherwise compensable time if it is *de*

9    *minimis*."  *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984).  This rule is a safety

10   valve; it avoids a result that would impose undue burdens on employers and ignore "the practical

11   administrative difficulty of recording small amounts of time for payroll purposes."  *Id.* (citing

12   29 C.F.R. § 785.47 ("In recording working time under the Act, insubstantial or insignificant

13   periods of time beyond the scheduled working hours, which cannot as a practical administrative

14   matter be precisely recorded for payroll purposes, may be disregarded.")).  The Supreme Court

15   has called a few seconds or minutes of off-duty work "trifles" and "[s]plit-second absurdities" that

16   "may be disregarded."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946),

17   *superseded by statute on other grounds as noted by Integrity Staffing Sol'ns, Inc. v. Busk*,

18   574 U.S. 27, 31–32 (2014).  Only "substantial" measures of time and effort are compensable.

19   *Lindow*, 738 F.2d at 1062 (quoting *Mt. Clemens*, 328 U.S. at 692).

20        "There is no precise amount of time that may be denied compensation as *de minimis*.  No

21   rigid rule can be applied with mathematical certainty.  Rather, common sense must be applied to

22   the facts of each case."  *Id.* (citations omitted).  Ten minutes often serves as a rule of thumb, *see*

23   *id.*, but "the *de minimis* test today reflects a balance," not a hard and fast bright line, *Espinoza v.*

24   *Cnty. of Fresno*, 290 F.R.D. 494, 502 (E.D. Cal. 2013) <u>abrogated on other grounds by</u> <u>Campbell</u>

25   <u>v. City of Los Angeles</u>, 903 F.3d 1090 (9th Cir. 2018).  On the one hand, courts hesitate to impose

26   undue burdens on employers; on the other hand, "an employer must pay for activities it requires

27   of its employees."  *Id.*  The Ninth Circuit has identified three factors to help decide whether an

28   activity requires only a *de minimis* amount of time: "(1) the practical administrative difficulty of

1   recording the additional time; (2) the aggregate amount of compensable time; and (3) the

2   regularity of the additional work." *Lindow*, 738 F.2d at 1063.  When the court views the Fourth

3   Amended Complaint's allegations in the light most favorable to plaintiffs, as required at this

4   stage, these factors all weigh against the conclusion that they seek compensation for only *de*

5   *minimis* amounts of time.  First, they allege Blue Diamond could solve any administrative

6   challenge by simply physically moving their time clocks.  Second, the amount of time is

7   relatively large in the aggregate: about half an hour every week; many hours every year.  Third,

8   plaintiffs perform the tasks in question every day; it is very regular.

9          For these reasons, the motion to dismiss claims one and three is denied.

10         **C.      Minimum Wage Claim (Claim Two)**

11         The previously assigned district judge dismissed plaintiffs' minimum wage claim because

12   their allegations did not permit a plausible inference that their pay fell below the state minimum

13   wage.  *See* Prior Order (Mar. 2, 2023) at 20.  Plaintiffs' Fourth Amended Complaint does not add

14   allegations to fill this gap.  Even if it is true, as they allege, that five to ten minutes of their time

15   went unpaid every day, it would remain only possible — not plausible as required — that their

16   pay fell below the legal minimum wage, given that plaintiffs do not allege how much they

17   ordinarily made per hour.  If, for example, that rate were substantially higher than the minimum

18   legal rate, then a few minutes' unpaid time would almost certainly leave their overall wages far

19   above the minimum.  *Cf. id.* at 19–20 (explaining how allegations about hourly rates and hours

20   worked can suffice).  Without allegations about regular rates of pay and hours typically worked,

21   this claim cannot proceed.  Because plaintiffs have had several opportunities to amend their

22   complaint, this claim is dismissed without leave to amend.

23         **D.      Meal and Rest Breaks (Claims Four and Five)**

24         The previously assigned district judge dismissed these claims with leave to amend to

25   permit plaintiffs to add allegations about when and how Blue Diamond deprived them of meal

26   and rest breaks.  They have now amended their complaint to include allegations explaining how

27   frequently their meal and rest breaks were interrupted and why.  As summarized above, plaintiffs

28   allege they were required to interrupt their breaks, to end their breaks early, or to skip their breaks

8

1   to respond to radio calls, to respond to problems with machinery, to perform changeovers or to

2   discuss work.  *See, e.g.*, Fourth Am. Compl. ¶¶ 107–10, 118, 124–26.  They allege this happened

3   up to four times a week during the relevant time period, depending on the plaintiff and the reason.

4   *Id.*  These allegations suffice to support their fourth and fifth claims.  *See, e.g.*, Prior Order

5   (Mar. 2, 2023) at 25–26 (collecting authority requiring allegations about specific deprivations).

6           **E.      Payment at Termination (Claim Six) and Unfair Competition (Claim 7)**

7           Blue Diamond moves to dismiss these claims as derivative of plaintiffs' other claims.  *See*

8   Mem. at 12–13.  While plaintiffs' minimum wage claim has been dismissed, plaintiffs' other

9   claims survive, so the court will not dismiss claims six and seven simply because they are

10  derivative of the surviving claims.

11          Blue Diamond also argues claim six cannot move forward without more specific

12  allegations regarding when plaintiffs received their final paychecks, the amounts they should have

13  received, and details to support Blue Diamond's alleged willfulness.  *See id.* at 12.  The court

14  finds more details are not necessary.  The complaint permits the court to infer that if plaintiffs can

15  prove their allegations, they and others would plausibly be entitled to penalties under California

16  Labor Code sections 201, 202, or 203: they allege Blue Diamond did not pay overtime and

17  interrupted or withheld meal and rest breaks, as discussed above; they allege they ended their

18  employment in 2018, *see* Fourth Am. Compl. ¶ 22; and they allege Blue Diamond did not pay

19  wages they had earned, but which had gone unpaid, within thirty days their last days, *id.* ¶ 138.

20          Blue Diamond's motion to dismiss claims six and seven is denied.

21  **III.    MOTION TO STRIKE**

22          Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . .

23  any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An

24  allegation is "redundant" if it is "needlessly repetitive or wholly foreign to the issues involved in

25  the action."  *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028,

26  1033 (C.D. Cal. 2002) (citation omitted).  An allegation is "immaterial" if there is "no essential or

27  important relationship" to the pleaded claims or defenses.  *Fantasy, Inc. v. Fogerty*, 984 F.2d

28  1524, 1528 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and

1   Procedure § 1382, at 706–07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  An

2   allegation is "impertinent" if it consists of statements "that do not pertain, and are not necessary,

3   to the issues in question." *Id.* (quoting Wright & Miller, *supra*, at 711).  An allegation is

4   "scandalous" if it casts a "cruelly derogatory light on a party or other person." *In re*

5   *2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

6         Rule 12(f) is meant to avoid unnecessary expenditures of time and money over "spurious

7   issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and

8   quotation marks omitted).  Courts typically deny motions to strike "unless it is clear that the

9   matter to be stricken could have no possible bearing on the subject matter of the litigation."

10  *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation

11  marks omitted).  "[C]ourts often require a showing of prejudice by the moving party." *Wynes v.*

12  *Kaiser Permanente Hosps.*, No. 10-00702, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011)

13  (citation omitted).

14        Blue Diamond's motion to strike targets citations to specific sections of the California

15  Labor Code in paragraph 24 of the Fourth Amended Complaint.  *See* Mem. at 13–14.  Blue

16  Diamond argues in part that these citations should be stricken because many of the cited statutes

17  establish no private right of action.  *See id.* at 14.  As plaintiffs correctly point out, however, they

18  can bring claims for "unlawful" business practices under the California Unfair Competition Law

19  even if the statute that makes the practice "unlawful" does not itself create a private right of

20  action.  *See* Opp'n at 18; *see also, e.g.*, *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439,

21  1447 n.4 (2013) (noting permissible enforcement through UCL); *Saunders v. Superior Ct.*,

22  27 Cal. App. 4th 832, 839 (1994) ("It is not necessary that the predicate law provide for private

23  civil enforcement.").

24        Blue Diamond also argues the cited sections impose no relevant obligations upon it.  *See*

25  Mem. at 14.  It is not "clear," however, that the cited sections "have no possible bearing on the

26  subject matter of the litigation." *Neveu*, 392 F. Supp. 2d at 1170 (citation and quotation marks

27  omitted).  One of the statutes plaintiffs cite, for example, simply permits awards of interest in

28  actions for unpaid wages.  *See* Cal. Lab. Code § 218.6.  Another makes it "unlawful for any

1  employer to collect or receive from an employee any part of wages theretofore paid by said

2  employer to said employee." *Id.* § 221.

3       Finally, Blue Diamond argues the Fourth Amended Complaint does not explain how Blue

4  Diamond violated any of these statutes. *See* Mem. at 15. As noted, Rule 12(f) is meant to avoid

5  unnecessary expenditures of time and money over "spurious issues," not to test a plaintiff's

6  allegations or the viability of its legal claims. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d

7  970, 973–84 (9th Cir. 2010) (citation and quotation marks omitted). The motion to strike is

8  denied, without prejudice to Blue Diamond's seeking protection from any wasteful discovery

9  requests. *Cf., e.g.*, Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is

10  sought may move for a protective order in the court where the action is pending . . . . The court

11  may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

12  oppression, or undue burden or expense[.]").

13  **IV.   CONCLUSION**

14       The motion to dismiss is **granted in part without leave to amend** in that claim two is

15  dismissed without leave to amend; the motion is **otherwise denied** in that the case will proceed

16  on the other claims. The motion to strike is **denied**. An answer must be filed **within twenty-one**

17  **days**. A status (pretrial scheduling) conference is set for November 14, 2024, at 2:30 P.M. before

18  the undersigned. The parties shall file a joint status report no less than fourteen (14) days prior to

19  the status conference.

20       This order resolves ECF No. 52.

21       IT IS SO ORDERED.

22  DATED:  October 7, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE